# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| MARY M. O'REILLY, )<br>)<br>Plaintiff, )<br>) No.  3:10-cv-498<br>vs. )<br>)<br>BERNHARDT AND STRAWSER, PA, )  **JURY DEMAND ENDORSED HEREON**<br>)<br>Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, MARY M. O'REILLY, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, BERNHARDT AND STRAWSER, PA, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Charlotte, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a professional association of the State of North Carolina which has its principal place of business in Charlotte, North Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about March 1, 2010, Plaintiff received a letter from Defendant's employee and/or representative, Tonya Urps, in regard to collection of the aforementioned alleged debt. A copy of said letter is attached hereto as Exhibit 1.

8. Said letter threatened to seek attorneys fees from Plaintiff if payment in full of the alleged debt was not received in Defendant's office within 30 days of Plaintiff's receipt of said letter, thus overshadowing Plaintiff's right to dispute and seek validation of the alleged debt, as provided by 15 U.S.C. § 1692g. Said threat to seek attorneys fees was also inconsistent with Plaintiff's right to dispute and seek validation of the alleged debt, as provided by 15 U.S.C. § 1692g.

9. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b); and

b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

10. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MARY M. O'REILLY, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
Lynette@LuxenburgLevin.com